# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-382V
Filed: January 20, 2023

| | |
|---|---|
| ROBIN MCKINNON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Master Daniel Horner<br><br>Filed: January 20, 2023<br><br>Reissued for Public Availability:<br>March 6, 2023 |

*Robin McKinnon, Marion, VA, pro se petitioner*
*Heather Lynn Pearlman, U.S. Department of Justice, Washington, D.C., for respondent*

**DECISION**[1]

On January 8, 2021, petitioner, Robin McKinnon, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered a Shoulder Injury Related to Vaccine Administration or "SIRVA" following receipt of her October 9, 2019 influenza ("flu") vaccine. For the reasons set forth below, I conclude that petitioner has failed to prosecute this claim and has not preponderantly established that she is entitled to compensation.

## I. Procedural History

As noted above, petitioner initiated this claim by filing a petition on January 8, 2021. (ECF No. 1.) At that time she was represented by counsel. Medical records were filed on April 9, 2021. (ECF No. 7; Exs. 1-4.) Affidavits were subsequently filed along with a Statement of Completion was filed on May 18, 2021. (ECF Nos. 9, 11; Exs. 5-6.) Additional medical records were filed on December 30, 2021. (ECF No. 15; Exs. 7-8.) However, petitioner's counsel subsequently moved to withdraw from the case on February 28, 2022, and that motion was granted on August 16, 2022. (ECF Nos. 18, 23.) The basis for the motion to withdraw was counsel's representation that petitioner had ceased contact with counsel. (ECF No. 18, p. 1.) At the time petitioner's counsel withdrew, he was "waiting for additional information from Petitioner regarding

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on January 20, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

medical records establishing she has met the [Vaccine Act's] severity requirement." (ECF No. 16.)

After counsel's motion was granted, petitioner became a pro se petitioner and the case was reassigned to me. On August 30, 2022, I issued an "Initial Order" requiring petitioner to file a "status report" by no later than September 29, 2022. (ECF No. 28.) I explained that "[a]t the time he withdrew, petitioner's counsel was attempting to confirm whether any further medical records were available to show that petitioner's injury persisted for at least six months as required by the statute." (*Id*. at 4.) I required petitioner to report (1) whether she is seeking new counsel, (2) whether she sought any treatment for her shoulder injury beyond what was reflected in the medical records, and (3) whether she is aware of any further medical records that should be filed. (*Id*.) I indicated that "[o]nce petitioner has confirmed these points, I will set an appropriate schedule to include collection of any further outstanding medical records and/or respondent's review of the case." (*Id*.)

In the Initial Order, I additionally cautioned that petitioner has an obligation to comply with court orders and explained that petitioner's failure to maintain contact with her counsel "makes it difficult to conclude that petitioner intends to continue prosecuting this case." (*Id*.) I advised that "I will allow petitioner sufficient time to complete any required tasks; however, I will not permit this case to remain pending indefinitely without petitioner's active and ongoing involvement." (*Id*.) I explicitly warned that "[f]ailure to respond to this order, coupled with the prior failure to respond to counsel, could contribute to a pattern of conduct that leads to dismissal under Vaccine Rule 21."

Petitioner did not respond to the Initial Order. Accordingly, on October 11, 2022, I issued an Order to Show Cause giving petitioner until December 12, 2022, to confirm her intention of continuing to prosecute the case. (ECF No. 29.) I noted that petitioner has been on notice since December of 2021 of her prior counsel's search for additional medical records and that counsel's motion to withdraw documented three instances where petitioner had failed to maintain contact with counsel. (*Id*. at 1.) I warned petitioner that she should "read this order carefully as it explains her last opportunity to avoid involuntary dismissal of her claim." (*Id*. at 2.) I explained that "I have not yet reached the question of whether petitioner's medical records filed to date are adequate to meet her burden and petitioner is not otherwise being called upon to prove her case within the next 60 days. To avoid involuntary dismissal for failure to prosecute, at this juncture petitioner need only file the above-described status report to confirm her intention of continuing to prosecute this case." (*Id*.)

Petitioner did not respond to the Order to Show Cause. Accordingly, on December 19, 2022, I issued a follow up order explaining petitioner's failure to comply with the Order to Show Cause and indicating that I have concluded that petitioner's case should be dismissed for failure to prosecute. (ECF No. 30.) I further indicated that "[o]ut of an abundance of caution, petitioner is hereby being given advanced notice that her case will be dismissed in 30 days." (*Id*.)

Petitioner has had no contact with the court since her attorney withdrew from the case in August of 2022.

## II.     Pertinent Medical History

Petitioner's medical records confirm the fact of her flu vaccination having occurred on October 9, 2019, and that the vaccine was administered in her right shoulder.  (Ex. 1, p. 54.)  Petitioner was subsequently seen for treatment of a right shoulder complaint on December 2, 2019.  (*Id.* at 45.)  She was seen again for the same complaint on December 16, 2019, January 6, 2020, and February 25, 2020.  (*Id.* at 42; Ex. 2, p. 18; Ex. 3, p. 10.)  The last of these visits was less than six months after the vaccination placed at issue by the petition.

Although petitioner alleges further home exercise treatment and ongoing pain in her affidavit, the subsequent records, including the updated records filed in December of 2021, show no further medical treatment for her alleged injury despite demonstrating that petitioner has sought unrelated care.  The updated records from Outer Banks Family Medicine show that petitioner had unrelated telehealth visits on June 17, 2020, and September 22, 2020, that recorded "pain in joint of right shoulder" in a list of "active problems."  (Ex. 7, pp. 12, 20.)  However, petitioner's shoulder condition is not discussed in either the history of present illness or review of systems for either visit.  As telehealth visits, there is no physical examination and no indication that petitioner's shoulder was discussed at all.  Indeed, the review of systems from June of 2020 includes no reference to any musculoskeletal review and the September 2020 encounter is marked as "negative" for musculoskeletal complaints.  (*Id.*)  This appears to be the extent of follow up treatment reflected in the records filed.

## III.    Legal Standard

Under the National Vaccine Injury Compensation Program, compensation awards are made to individuals who have suffered injuries after receiving vaccines.  In general, to gain an award, a petitioner must make a number of factual demonstrations, including showing that an individual received a vaccination covered by the statute; received it in the United States; suffered a serious, long-standing injury; and has received no previous award or settlement on account of the injury.  In some cases, the petitioner may simply demonstrate the occurrence of what has been called a "Table Injury."  That is, it may be shown that the vaccine recipient suffered an injury of the type enumerated in the "Vaccine Injury Table," corresponding to the vaccination in question, within an applicable time period following the vaccination also specified in the Table.  If so, the Table Injury is presumed to have been caused by the vaccination, and the petitioner is automatically entitled to compensation, unless it is affirmatively shown that the injury was caused by some factor other than the vaccination.  § 300aa-13(a)(1)(A); § 300 aa-11(c)(1)(C)(i); § 300aa-14(a); § 300aa-13(a)(1)(B).  As relevant here, the Vaccine Injury Table lists a Shoulder Injury Related to Vaccine Administration or "SIRVA" as a compensable injury if it occurs within 48 hours of administration of a vaccination.  § 300aa-14(a) as amended by 42 CFR § 100.3.

However, in order to state a claim for a vaccine-related injury under the Vaccine Act, a vaccinee must have either:

(i) suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine, or (ii) died from the administration of the vaccine, or (iii) suffered such illness, disability, injury or condition from the vaccine which resulted in inpatient hospitalization and surgical intervention.

§ 300aa-11(c)(1)(D).

Vaccine Program petitioners must establish their claim by a "preponderance of the evidence". § 300aa-13(a). That is, a petitioner must present evidence sufficient to show "that the existence of a fact is more probable than its nonexistence . . . ." *Moberly v. Sec'y of Health & Human Servs.*, 592 F.3d 1315, 1322 n.2 (Fed Cir. 2010). Proof of medical certainty is not required. *Bunting v. Sec'y of Health & Human Servs.*, 931 F.2d 867, 873 (Fed. Cir. 1991). However, a petitioner may not receive a Vaccine Program award based solely on her assertions; rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In general, contemporaneous medical records "warrant consideration as trustworthy evidence." *Cucuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

As explained by the Vaccine Rules, special masters are charged with adjudicating cases in this program while "endeavoring to make the proceedings expeditious, flexible, and less adversarial, while at the same time affording each party a full and fair opportunity to present its case and creating a record sufficient to allow review of the special master's decision." Vaccine Rule 3(b)(2). Further, "[t]he special master will determine the format for taking evidence and hearing argument based on the specific circumstances of each case and after consultation with the parties." Vaccine Rule 8(a). A special master must receive evidence "governed by fundamental fairness to both parties." Vaccine Rule 8(b)(1). However, it is within the special master's discretion to resolve a case based on written submissions without conducting an evidentiary hearing. Vaccine Rule 8(d). Moreover, Vaccine Rule 21(b)(1) provides that "[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court."

IV. **Conclusion**

Given the affidavit testimony provided in this case and the scant references to shoulder joint pain in the June and September 2020 medical records, it is conceivable that petitioner could have demonstrated with further record development that her injury persisted for more than six months. However, that assertion is not preponderantly supported on the existing record and petitioner's failure to document a minimum of six months of sequelae is fatal to her claim for compensation under the Vaccine Act.

4

Petitioner has been given ample time to develop the record of her case, both with the assistance of her counsel and subsequent to his withdrawal.  Since counsel withdrew in August of 2022, petitioner has had no contact with the court and has ignored three orders issued by the undersigned, two of which specifically warned petitioner that her case was at risk of involuntary dismissal if she took no action.

      In light of all of the above, this petition is DISMISSED for failure to prosecute and for insufficient proof of entitlement to compensation.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] In the absence of a timely-filed motion for review of this Decision, the Clerk of the Court shall enter judgment accordingly.